# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KARL K. KNIGHT II,

    Plaintiff,

v.

DEPUTY DJUKIC and
DEPUTY SIMCOX,

    Defendants.

Case No.: 3:19-cv-00114-MMD-WGC

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF Nos. 21, 32

    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Before the court are: (1) Plaintiff's Motion for Summary Judgment (ECF No. 21); and (2) Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment (ECF No. 32).

    After a thorough review, it is recommended that Plaintiff's motion be denied, and Defendants' motion be denied as moot.

## I. DISCUSSION

    When Plaintiff filed this action, he was an inmate in the custody of the Nevada Department of Corrections (NDOC), residing at Northern Nevada Correctional Center (NNCC). (ECF No. 1-1.) His complaint reflected an address at NNCC. (*Id.* at 1.) He is proceeding pro se and brings this action under 42 U.S.C. § 1983. The case was originally assigned to District Judge Du, and Magistrate Judge Carla Baldwin. District Judge Du entered an order screening Plaintiff's complaint on December 10, 2019, and allowed Plaintiff to proceed with claims for retaliation and excessive force against defendants Djukic and Simcox related to events that allegedly occurred while

Plaintiff was a pretrial detainee at the Washoe County Detention Facility (WCDF). (ECF No. 5.) The court directed the Clerk to issue summonses for the Defendants and ordered Plaintiff to complete the required forms for service and return them to the U.S. Marshals to effectuate service. (*Id*.) The summonses were issued the same date. (ECF Nos. 7, 7-1.)

On December 31, 2019, before the service returns had been filed, and on the same date that one of the defendants was served, Plaintiff filed a notice of change of address with the court indicating a new address at the WCDF. (ECF No. 8.) On January 6 and 7, 2020, the summonses were returned and filed with the court indicating service on the Defendants on December 31, 2019, and January 21, 2020. (ECF Nos. 9, 10, 11.) On January 17, 2020, before the Defendants were required to file an answer, and before they had in fact answered or otherwise appeared in the case, Plaintiff filed another notice of change of address noting his current address at the Federal Correctional Institution (FCI) in Herlong, California. (ECF No. 13.) On the same date, Plaintiff filed a document which indicated he had put his NNCC address on the USM-285 service form furnished to the U.S. Marshals, and he had not received notice that the Defendants had been served with the summons and complaint. Nor had he received an answer to the complaint. (ECF No. 14.)

On January 21, 2020, Defendants filed their answer, and accompanying proof of service indicating that the answer was sent to Plaintiff by mail at the NNCC address. (ECF No. 15.) At this point, Magistrate Judge Baldwin recused herself, and this action was assigned to the undersigned as magistrate judge. (ECF Nos. 16, 17.) On January 23, 2020, a scheduling order was issued giving a discovery deadline of April 22, 2020, and dispositive motions deadline of May 22, 2020, among other deadlines. (ECF No. 18.) On the same date, the court entered an order granting Plaintiff's request for a copy of the docket sheet and the returned proofs of service of the summons

2

and complaint. (ECF Nos. 20.) The court did not notice at that point that the answer had been served on Plaintiff at an old address.

On January 27, 2020, Plaintiff filed his motion for summary judgment arguing that summary judgment should be granted in his favor because the defendants did not timely file an answer or otherwise respond to the complaint. (ECF No. 21.) On the same date, Plaintiff filed a notice advising the court that the Defendants had been served (ECF No. 22), and another notice of change of address that again indicated his current address at FCI Herlong (ECF No. 24). On January 30, 2020, Plaintiff filed a document requesting defense counsel's contact information. (ECF No. 25.)

On January 31, 2020, after receiving Plaintiff's most recent filings, it became apparent to the court that Defendants had not served Plaintiff at his current address. Thus, the court issued an order directing Defendants to re-serve their answer on Plaintiff at his current address at FCI Herlong. (ECF No. 26.)

That same day, after receiving a copy of the docket sheet from the court, Plaintiff filed a motion to strike the answer to the complaint, arguing that he was never served with the answer. (ECF No. 27.) The court denied the motion, noting at the time Plaintiff filed his notices of change of address, the Defendants had not yet appeared in the case. (ECF No. 29.)

On February 19, 2020, Defendants filed their motion to strike Plaintiff's motion for summary judgment, arguing the motion is without merit because they had since re-served Plaintiff with the answer, and in any event, the motion was premature. (ECF No. 32.) Alternatively, the request an enlargement of time to respond to the motion.

Plaintiff's motion for summary judgment is predicated on the argument that Defendants failed to timely file an answer or otherwise respond to the complaint. That is not the case.

Defendants timely filed an answer; however, it was mistakenly served on Plaintiff at an old address. This mistake was reasonable given that the Defendants had not yet appeared in the case when the notices of change of address were filed, and the complaint they were served with had the old address. When the error was discovered, the court ordered the Defendants to re-serve Plaintiff with the answer at his current address. Therefore, Plaintiff's motion for summary judgment should be denied. As a result of this recommendation, Defendants' motion to strike Plaintiff's motion for summary judgment should be denied as moot.

## II. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order: (1) **DENYING** Plaintiff's motion for summary judgment (ECF No. 21); and (2) **DENYING AS MOOT** Defendants' motion to strike Plaintiff's motion for summary judgment (ECF No. 32).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: February 19, 2020.

_____
William G. Cobb
United States Magistrate Judge