UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KARL KIPLING KNIGHT II, <br><br> Plaintiff, <br><br> v. <br><br> DJUKIC, *et al*., <br><br> Defendants. | CASE No.: 3:19-cv-00114-MMD-WGC <br><br> **ORDER** |

**Background**

Before the Court is Plaintiff's "Motion to Compell (sic) Defendants to Produce the Following Documents and Data Compilations" (ECF No. 36, 4/30/2020). Plaintiff was formerly an inmate housed at the Washoe County Detention Center. Plaintiff filed a civil rights action complaining of events that occurred at the Washoe County Detention Center (WCDC) on December 9, 2018, when he claims to have been assaulted by Sheriff Deputies Djukic and Simcox (ECF No. 1). On December 10, 2019, the court screened Plaintiff's complaint and allowed Plaintiff's claims of excessive force and retaliation to proceed against Sheriff Deputies Djukic and Simcox (ECF No. 5). The defendants answered Plaintiff's complaint on January 21, 2020 (ECF No. 15). On January 23, 2020, the court entered a scheduling order directing that discovery be completed by April 22, 2020, and that any discovery motions must be filed no later than May 6, 2020 (ECF No. 18). Plaintiff's motion is timely filed. The court also imposed a May 22, 2020 deadline for filing dispositive motions (*id*.) [1]

---

[1] Plaintiff's motion for summary judgment on the grounds Defendants failed to timely served their answer on Plaintiff was denied by Chief District Judge Du on March 3, 2020 (ECF No. 35; Defendants timely answered Plaintiff's complaint but it was served at a former address where Plaintiff had been confined, and not at a new facility housing Plaintiff).

**Overview of Plaintiff's Motion to Compel (ECF No. 36)**

Pages1-3 of Plaintiff's motion set forth four types of documents or categories of documents/materials of which Plaintiff seeks production. Exhibit A to Plaintiff's motion (pages 6-146) appears to be a reproduction of detention-related materials which the Defendants have seemingly made available to Plaintiff (most but not all of the documents in Exhibit A appear to bear the Defendants' bate stamp identification). Exhibit B to Plaintiff's motion (pp 147-156) appears to be the Defendants' Responses to a Request for Production of Documents served on Defendants.

Plaintiff motion is composed of four components, the first being reference to a 12/17/2018 grievance which Plaintiff states was not fully processed before he was "transferred to the N.D.O.C." Upon discharge from NDOC custody on December 24, 2019, Plaintiff states he was transferred back to "911 Parr Blvd" (i.e., the Washoe County Detention Facility). Upon his return to the WCDF, he was provided a response to his grievance dated "1/27/2019 two days after [his] transfer." He claims he has not had an opportunity to respond to the grievance, referencing the 140 pages of documents comprising his Exhibit A.

The second component of Plaintiff's motion (labeled paragraph "B") appears to relate to Defendants' response to Plaintiff's request for documents regarding Plaintiff's incident and "previous reports of WCSO Deputies choking, killing, beating, strangiling (sic) or using any other type of excessive force relating in injury or death of any person said officers had in they're (sic) custody. (Plaintiff's motion, ECF 36 at pp.2-3; Defendant's response to Plaintiff's Request for Production, ECF No. 36 at pp 149-150). The third component of Plaintiff's motion (labeled paragraph "C") relates to videos, photos, reports, etc., of the prior reports of "choking" etc. (Plaintiff's motion, ECF No. 36 at 2; Defendants' response to corresponding discovery, *id*. at pp 150-151). The fourth – and last component – of Plaintiff's motion to compel, which is also labeled as Paragraph "C" (ECF No. 36 at 3) relates to his request for production of "Exact or similar techniques to the choke holds the defendants placed on me." This last topic was not seemingly addressed in Plaintiff's Request for Production to defendants, although Defendants did provide documents identified as "DEF0225-229 and DEF0669-673" (ECF No. 36 at pp 150-151).

# Rulings

The court will now enter certain rulings relating to Plaintiff's Discovery in advance of Defendants' response to Plaintiff's Motion to Compel in light of the rapidly advancing deadline to file dispositive motions of May 22, 2020 (ECF 18 at 4).

**A.     Discovery re Plaintiff's 12/17/2018 Grievance (Topic A of Plaintiff's Motion)**

The court cannot discern from the 140 pages of documents comprising Plaintiff's Exhibit A whether Defendants have provided all documents relating to this grievance. Defendants shall respond to Plaintiff's Motion to Compel by Monday May 11, 2020, addressing whether all such documents have been produced and if necessary produce any supplemental materials.[2]

**B.     Documents Sought in Plaintiff's Request for Production of Documents (Topic B of Plaintiff's Motion)**

In this request, Plaintiff sought production of documents, reports, etc. not only pertaining to "this incident" (presumably referring to the December 9, 2018, alleged incident which is the subject of Plaintiff's action) but also "previous reports of WCSO Deputies choking, killing, beating, strangiling (sic) or using any other type of excessive force resulting in injury or death of any person said officers had in "they're (sic custody).

The court cannot discern whether the Defendants have produced any reports relating to Plaintiff's incident; if not, they should be produced on or before May 11, 2018.

The court does not find that reports of *other* incidents – even those just involving these two deputies (assuming Plaintiff's Request for Production/Motion can be narrowed to that extent) – to be relevant to Plaintiff's claims. What may have occurred in other incidents, if any, is no more relevant than if the defendants were to claim they have never been subject to complaints of excessive force. This type of evidence is also not proportional to the needs of this case and would not tend to establish what did or did not occur on December 9, 2018. Fed. R. Civ P. 26(b)(1). In that respect, Defendants Objections to Plaintiff's discovery (ECF No. 36 at pp 149-150) are **sustained** and defendants do not have to further supplement this request.

---

[2] The screening order allowed a retaliation claim to proceed against Defendants because of the thr4eat of force/actual force perpetrated against Plaintiff – not because his grievance was not allowed to be fully completed.  ECF No. 5 at 5)

C.  **Plaintiff's Request for Video, Court Dockets, Rulings, Reports, Reprimands…from 12/9/2018 to 12/9/2013 ECF No, 36 at 2)**

To the extent this request (Topic C) pertains to prior incidents *not* involving Plaintiff, this request is denied for the reasons stated above in addressing Paragraph B.  Additionally, the Plaintiff's underlying Request for Production to Defendants (ECF 36 at pp. 148-151) did *not* include identification of these materials.  Therefore, the request to now produce these materials is untimely under the court's scheduling order which directed that discovery be completed by April 22, 2020.

**(Second Topic "C")**

As stated above, the fourth – and last component – of Plaintiff's motion to compel, which is also labeled as Paragraph "C" (ECF No. 36 at 3), relates to his request for production of "Exact or similar techniques to the choke holds the defendants placed on me."  This topic was not seemingly addressed in Plaintiff's Request for Production to defendants, although Defendants did provide documents identified as "DEF0225-229 and DEF0669-673" in response to Plaintiff's Request for Production (ECF No. 36 at pp 150-151).  Defendants shall advise on or before May 11, 2020, whether the policies and procedures of the Washoe County Sheriff's Department relating to "choke-holds" has been produced as the court assumes in the aforementioned identification of documents; if not, such policies or procedures in effect on December 9, 2018, should be produced by May 11, 2020.

**IT IS SO ORDERED.**

DATED THIS 1st day of May, 2020.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

4