UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KARL KIPLING KNIGHT II, | Case No. 3:19-cv-00114-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| DJUKIC, *et al.*, | |
| Defendants. | |

This is a civil rights case involving Plaintiff Karl Kipling Knight II, who was in the custody of the Nevada Department of Corrections at the time he filed this action. (ECF No. 33 at 1.) Before the Court is Plaintiff's objection (ECF No. 39) to United States Magistrate Judge William G. Cobb's order (ECF No. 37) regarding Plaintiff's motion to compel (ECF No. 36). For the following reasons, the Court overrules Plaintiff's objection.[1]

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) (a "district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"); *see also* LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LB IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011)

---

[1]The Court has also reviewed Defendants' response (ECF No. 39).

1   (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). When reviewing
2   the order, however, the magistrate judge "is afforded broad discretion, which will be
3   overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D.
4   Cal. 2007). The district judge "may not simply substitute its judgment" for that of the
5   magistrate judge. *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir.
6   1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

Plaintiff filed a motion to compel Defendants' production of documents, including a grievance that he alleges he filed on December 12, 2018. (ECF No. 37 at 2.) Judge Cobb made a clerical error and referred to it as the "12/17/2018" grievance, and ordered Defendants to inform the court as to "whether all such documents have been produced and if necessary produce any supplemental materials." (*Id.* at 3.)

Plaintiff now objects to the clerical error and requests that the Court order production of the December 12, 2018 grievance. (ECF No. 39 at 1.) Defendants respond that Plaintiff did not suffer any prejudice because Defendants—recognizing that there was a clerical error—specifically stated that they were "unable to locate any grievance filed by Mr. Knight on December 12, 2018." (ECF No. 41 at 2 (citing to ECF No. 40 at 2); *see also* ECF No. 40-1 at ¶ 3.) The Court agrees with Defendants that the clerical error was *de minimis* and resulted in no prejudice. (ECF No. 41 at 2.) Because the Court "*may* reconsider any pretrial matter referred to a magistrate judge," the Court exercises its discretion in overruling Plaintiff's objection. LR IB 3-1(a) (emphasis added).

Due to the clerical error, Plaintiff also states that he "would like to proceed without his honor William G. Cobb having anything further to do with this case." (ECF No. 36.) To the extent Plaintiff is asking for Judge Cobb's recusal,[2] the Court denies his request. A party may seek recusal under 28 U.S.C. §§ 455 and 144. Section 455(a) mandates recusal

---

[2]Local Rule IC 2-2 requires that Plaintiff file his motion in a separate document. LR IC 2-2 ("For each type of relief requested or purpose of the document, a separate document must be filed . . ."). However, the Court will consider his request since requiring him to file a separate motion would only waste judicial resources, given that there is no valid basis for Plaintiff to ask for Judge Cobb's recusal.

1  if the judge's impartiality might reasonably be questioned. Section 455(b)(1) compels
2  recusal where a judge has personal bias or prejudice towards the moving party. Section
3  144 provides that a party may submit an affidavit that the presiding judge "has a personal
4  bias or prejudice against [her] or in favor of any adverse party" and requires that said
5  affidavit "state the facts and the reasons" for such belief. As Defendants pointed out here,
6  Plaintiff seeks recusal based on a *de minimis* clerical error, which is not a basis for recusal
7  under Section 455. (ECF No. 39 at 3.) The Court will therefore deny Plaintiff's request for
8  Judge Cobb's recusal.
9      It is therefore ordered that Plaintiff's objection (ECF No. 39) is overruled.

DATED THIS 19th day of August 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE