# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KARL K. KNIGHT, II, | Case No.: 3:19-cv-00114-MMD-WGC |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | Re: ECF No. 42 |
| DJUKIC, et. al., | |
| Defendants | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion for Summary Judgment. (ECF No. 42.) Defendants filed a response. (ECF No. 48.) Plaintiff did not file a reply. Defendants have also filed a motion for summary judgment, which the court will address in a separate report and recommendation.

After a thorough review, it is recommended that Plaintiff's motion be denied.

## I. BACKGROUND

Plaintiff is an inmate who is currently in the custody of the Federal Correctional Institution Herlong, and is proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 6.) The events giving rise to this action took place while Plaintiff was a pretrial detainee at the Washoe County Detention Facility (WCDF).

The court screened the complaint and allowed Plaintiff to proceed with an excessive force claim under the Fourteenth Amendment as well as a retaliation claim under the First Amendment against defendants Nicholas Simcox and Irbica Djukic. (ECF No. 5.)

Plaintiff alleges that on December 9, 2018, he questioned officers about a write up that he believed was excessive and threatened to file a grievance, and Defendants became very hostile and aggressive. They told Plaintiff to go to his cell, and when he proceeded to do so, Defendants grabbed him by the arms and started pushing him. Plaintiff said he was going, and Simcox squeezed his arm hard. Djukic said, "Get him!" and grabbed Plaintiff in a chokehold from behind and severely choked him. Simcox grabbed Plaintiff's head and face in a head lock and started twisting and pulling in the opposite direction as Djukic was still choking him. Simcox put Plaintiff in a headlock and caused Plaintiff to fear for his life because he was unable to breathe and felt himself blacking out. Djukic was holding Plaintiff's legs while Simcox was choking him, with both deputies putting all their weight on Plaintiff.

Plaintiff was able to take a breath and asked why he was being choked, and Simcox said, "Shut up! Quit resisting!" and smashed Plaintiff's face into the concrete floor. He was face down and was allowing the deputies to handcuff him, and was not resisting. Simcox then dropped onto Plaintiff's shoulder with his knee and put all his weight into it. Simcox then grabbed Plaintiff's arm and bent it at an angle, causing Plaintiff to scream out in agony. Plaintiff was not resisting. After he was cuffed, he was taken to medical and had a bloody nose, bruises, and lacerations to his face and chin. Both arms were scraped raw and his shoulder was very  bruised and painful. His hip was sore where he has a hip replacement. Plaintiff believes this was in retaliation for him telling the officers he was going to file a grievance against them.

Plaintiff's motion argues that summary judgment should be entered in his favor because he claims that Defendants are withholding evidence that he requested in discovery: a grievance he wrote about this incident on December 12, 2018, which he followed up on January 2, 2019,

1  and then on January 4, 2019, and January 22, 2019, after he did not receive a response to the

2  prior grievances.

3  ## II. LEGAL STANDARD

4      The legal standard governing this motion is well settled: a party is entitled to summary

5  judgment when "the movant shows that there is no genuine issue as to any material fact and the

6  movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp.*

7  *v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the

8  evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v.*

9  *Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome

10  of the case. *Id.* at 248 (disputes over facts that might affect the outcome will preclude summary

11  judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the

12  other hand, where reasonable minds could differ on the material facts at issue, summary

13  judgment is not appropriate. *Anderson*, 477 U.S. at 250.

14      "The purpose of summary judgment is to avoid unnecessary trials when there is no

15  dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18

16  F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose

17  of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477

18  U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that

19  one party must prevail as a matter of law"). In considering a motion for summary judgment, all

20  reasonable inferences are drawn in the light most favorable to the non-moving party. *In re*

21  *Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach*

22  *& Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the

23  nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,*

1  477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and

2  determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255;

3  *Anderson*, 477 U.S. at 249.

4         In deciding a motion for summary judgment, the court applies a burden-shifting analysis.

5  "When the party moving for summary judgment would bear the burden of proof at trial, 'it must

6  come forward with evidence which would entitle it to a directed verdict if the evidence went

7  uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing

8  the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp.*

9  *Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations

10  omitted). In contrast, when the nonmoving party bears the burden of proving the claim or

11  defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate

12  an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

13  party cannot establish an element essential to that party's case on which that party will have the

14  burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

15         If the moving party satisfies its initial burden, the burden shifts to the opposing party to

16  establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v.*

17  *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine

18  dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute

19  be shown to require a jury or judge to resolve the parties' differing versions of truth at trial."

20  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)

21  (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment

22  by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475

23  U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the

4

1 pleadings and set forth specific facts by producing competent evidence that shows a genuine

2 dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

3 **III. DISCUSSION**

4    Plaintiff asserts that he wrote a grievance about the incident that is the subject of this

5 action while at WCDF on December 12, 2018, which he followed up on January 2, 2019, and

6 then on January 4, 2019, and January 22, 2019, after he did not receive a response to the prior

7 grievances.

8    Plaintiff was transferred to prison on January 25, 2019, and up to that point had not

9 received a response to his grievances. He was at Northern Nevada Correctional Center (NNCC)

10 until approximately December 26, 2019, and he completed his sentence and was transferred back

11 to WCDF. He states that when he returned to WCDF, he checked the status of his grievances and

12 the system reflected that they had been responded to and closed. The Grievances written on

13 January 4 and 22 were responded to and closed on January 26, 2019. The grievance he wrote on

14 December 12, 2018, indicated it had been responded to and closed on January 27, 2019, by

15 Sergeant O'Brien. Plaintiff asserts that the December 12, 2018 grievance was stored in the

16 electronic grievance file along with his other grievances, but WCDF Sergeant Randall LeBlanc

17 states in a declaration under penalty of perjury that he could not locate any grievance filed by

18 Plaintiff on December 12, 2018. (LeBlanc Decl. at ECF No. 42 at 7.)

19    Plaintiff believes that Defendants are withholding this evidence to attempt to get his case

20 thrown out on a technicality, and that Sergeant LeBlanc committed perjury. Presumably, he is

21 referring to the defense of failure to exhaust administrative remedies. He includes as exhibits his

22 January 2, 4, and 22, 2019 grievances, which all state that the December 12, 2018 grievance was

23 unanswered. (ECF No. 42 at 4-6.)

5

1    Defendants maintain that they produced all grievances Plaintiff filed at WCDF in

2  discovery, and there was no record of a grievance filed by Plaintiff on December 12, 2018.

3  Plaintiff filed a motion to compel the December 12, 2018 grievance. (ECF No. 36.) Defendants

4  filed a response indicating that despite multiple searches, no such grievance could be located.

5  (ECF No. 40.) The court denied the motion to compel. (ECF No. 45.)

6    Defendants contend that even if Plaintiff did file such a grievance, it does not

7  demonstrate he is entitled to summary judgment. Moreover, they argue that Plaintiff did not file

8  sufficient evidence to support his motion.

9    Defendants are correct that on April 30, 2020, Plaintiff filed a motion to compel, among

10 other things, production of the grievance he clams he wrote on December 12, 2018. (ECF No.

11 36.) The court ordered Defendants to respond to this aspect of Plaintiff's motion. (ECF No. 37 at

12 3.) Defendants filed a response with a declaration from Washoe County Sheriff's Office Records

13 Custodian Sergeant LeBlanc that multiple extensive searches for the grievance were conducted

14 and he was unable to locate any grievance filed by Plaintiff on December 12, 2018. (ECF no. 40,

15 40-1.) On May 22, 2020, the court entered an order denying the motion to compel as Plaintiff

16 had not challenged Defendants' representations that all pertinent documents had been produced.

17 (ECF No. 45.)

18    Plaintiff's current motion argues he is entitled to summary judgment because Defendants

19 failed to produce the December 12 grievance. Defendants have produced evidence that the

20 grievance does not exist. While Plaintiff now disputes this fact, his motion to compel was denied.

21    As stated above, a party moving for summary judgment must show that there is no

22 genuine dispute of material fact and he is entitled to judgment as a matter of law with respect to

23 his claims. Plaintiff does not produce evidence regarding the merits of his claims, but instead

argues that he should prevail because he disputes that Defendants have produced all relevant evidence. What it appears Plaintiff is really seeking is some sort of spoliation of evidence ruling. The court "'has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence.'" *Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 824 (9th Cir. 2002) (quoting *Glover v. BIC Corp.,* 6 F.3d 1318, 1329 (9th Cir. 1993)). The court may instruct the jury to draw an inference adverse to the party who is responsible for destroying the evidence; exclude witness testimony proffered by the party that destroyed the evidence; or dismiss a claim asserted by the party who destroyed the evidence. *In re Napster, Inc. Copyright Litigation*, 462 F.Supp.2d 1060, 1066 (N.D. Cal. 2006) (citations omitted).

The problem, however, is that there is no evidence before the court demonstrating that Defendants destroyed or have improperly withheld Plaintiff's grievance. Instead, Defendants have submitted evidence that a comprehensive search was conducted and no December 12 grievance was located. Plaintiff disputes this, but has submitted no evidence to support his claim that Defendants are withholding this evidence, other than his own speculation that this is the case. This is insufficient.

Moreover, Plaintiff's motion argues that Defendants are withholding this evidence so that they can have Plaintiff's case dismissed based on a technicality; however, Defendants have filed their motion for summary judgment and it does not argue a failure to exhaust administrative remedies.

In sum, Plaintiff has not met his burden of establishing that he is entitled to summary judgment; therefore, his motion should be denied.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for summary judgment (ECF No. 42).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: December 23, 2020

William G. Cobb
United States Magistrate Judge