UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KARL KIPLING KNIGHT II, | Case No. 3:19-cv-00114-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| IRBICA DJUKIC, *et al.*, | |
| Defendants. | |

**I.     SUMMARY**

*Pro se* Plaintiff Karl Kipling Knight II brings this action under 42 U.S.C. § 1983 against correction officers Irbica Djukic and Nicholas Simcox. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF Nos. 56, 57), recommending that both Plaintiff's and Defendants' motions for summary judgment (ECF Nos. 42, 43) be denied. The parties had until January 6, 2021 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will deny Plaintiff's and Defendants' motions for summary judgment.

**II.    BACKGROUND**

Plaintiff is an inmate who is currently in the custody of the Federal Correctional Institution Herlong, and is proceeding *pro se* with this civil rights complaint. (ECF No. 6.) The events which gave rise to this action took place while Plaintiff was in pretrial detention at Washoe County Detention Facility.

The allegations set forth are taken from Plaintiff's Complaint. (ECF No. 6.) Plaintiff alleges that on December 9, 2018, he questioned officers about a write-up that he believed was excessive and threatened to file a grievance against them. Defendants then grabbed Plaintiff in a chokehold from behind and severely choked him. When Plaintiff was

able to take a breath, he asked why he was being choked, and Simcox said "Shut up! Quit resisting!" and slammed his face into the concrete floor. Plaintiff was not resisting as Defendants restrained him. Defendants took Plaintiff to medical where he was treated for a bloody nose, bruises, and lacerations to the face and chin. Both of Plaintiff's arms were scraped raw and his shoulder was very bruised and painful. His hip was sore where he has a hip replacement. Plaintiff believes this was done in retaliation for him telling the officers he was going to file a grievance against them.

Plaintiff filed this action alleging a retaliation claim under the First Amendment and an excessive force claim under the Fourteenth Amendment. (ECF No. 6.) Plaintiff moved for summary judgment, arguing that Defendants are withholding evidence of the grievances he filed regarding this incident. (ECF No. 42.) Defendants also moved for summary judgment, arguing that Plaintiff's retaliation and excessive force claims fail and, alternatively, that they are entitled to qualified immunity. (ECF No. 43.) After reviewing the motions and the parties' responses, Judge Cobb recommends that both motions be denied. (ECF Nos. 56, 57.) Neither party objected.

### III.  LEGAL STANDARD

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

///

///

## IV. DISCUSSION

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Cobb did not clearly err. Here, Judge Cobb recommends that the Court deny Plaintiff's motion for summary judgment because he produced no evidence regarding the merits of his claims and therefore failed to meet his burden of proof. (ECF No. 56 at 6-7.) Judge Cobb further recommends that the Court deny Defendants' motion for summary judgment because there is a genuine dispute as to various material facts on Plaintiff's excessive force claim and retaliation claim, and that Defendants are not entitled to qualified immunity because Plaintiff asserts claims based on clearly established rights. (ECF No. 57 at 10-13, 16-18.) For reasons explained below, the Court agrees with Judge Cobb.

### A. Plaintiff's Motion

Judge Cobb recommends that the Court deny Plaintiff's motion because he has not met his burden. (ECF No. 56 at 7.) Plaintiff argues he is entitled to summary judgment because Defendants are withholding evidence in an attempt to have his case dismissed on a technicality.[1] (ECF No. 56 at 5.) Specifically, Plaintiff refers to grievances he filed about the incident that is the subject of his case. (*Id.*) Defendants maintain they have produced all grievances and have conducted a search for any other documents that Plaintiff could be referring to, but found none. (*Id.* at 6.) Plaintiff argues that because Defendants have failed to produce a grievance he wrote dated December 12, he is entitled to summary judgment. (*Id.*)

Judge Cobb reasoned that because Defendants have produced evidence that no such grievance exists and Plaintiff has failed to provide any evidence to the contrary, Plaintiff has failed to meet his burden. (*Id.*) Judge Cobb further reasoned that Plaintiff appears to be asking for "some sort of spoilation of evidence ruling." (*Id.* at 7.) But Judge Cobb further reasoned that Plaintiff has not provided any evidence that Defendants have

---

[1] Judge Cobb construes this argument as Plaintiff's speculation that Defendants will argue he has failed to exhaust his administrative remedies. (ECF No. 56 at 5-6.) The Court agrees.

3

destroyed or improperly withheld Plaintiff's grievance. (*Id.*) Accordingly, Judge Cobb recommends that the Court deny Plaintiff's motion. The Court agrees with Judge Cobb's reasoning.

### B. Defendants' Motion

Judge Cobb recommends that the Court deny Defendants' motion because they have failed to establish that no genuine dispute of material fact exists regarding Plaintiff's retaliation and excessive force claims. (ECF No. 57 at 10-13, 16-18.) Further, Judge Cobb reasoned that Defendants are not entitled to qualified immunity because both of Plaintiff's claims allege the violation of a clearly established constitutional right. (*Id.* at 18.)

Defendants first argue Plaintiff has failed to support his allegations with sufficient evidence. (*Id.* at 10.) Judge Cobb disagreed, reasoning that Plaintiff's opposition to Defendants' motion for summary judgment verified his complaint. (*Id.*) Judge Cobb further reasoned that a video recording of the incident could support either Plaintiff's claim that Defendants used excessive force, or Defendants' argument that they used only reasonable force to detain Plaintiff while he resisted. (*Id.* at 11.) Because the evidence shows a dispute of several material facts, Judge Cobb recommends denying Defendants' summary judgment motion as to Plaintiff's excessive force claim.

Defendants also argue Plaintiff has failed to show three elements required to establish a retaliation claim under the First Amendment: (1) that Defendants used force against Plaintiff "because of" his threat to file a grievance, (2) that Plaintiff's First Amendment rights were chilled as a result of Defendants' conduct, and (3) that Defendants acted in pursuit of a legitimate correctional goal. (*Id.* at 16-17.) Judge Cobb reasoned that there were genuinely disputed facts under each claim, and accordingly recommends denying Defendants' summary judgment motion as to Plaintiff's retaliation claim.

Finally, Defendants asserted that they are immune from litigation for either claim under the doctrine of qualified immunity. (*Id.* at 18.) But Judge Cobb found that on both claims, the "clearly established" right prong of the qualified immunity analysis was not

met. (*Id.*) Because Plaintiff's retaliation and excessive force claims both alleged violation of a clearly established right, Judge Cobb found that Defendants would not be immune from suit. (*Id.*) The Court agrees with Judge Cobb's reasoning.

In sum, the Court agrees with Judge Cobb's determinations on both Plaintiff's and Defendants' motions. Having reviewed the R&Rs and the record in this case, the Court will adopt both R&Rs in full.

### V. CONCLUSION

It is therefore ordered that Judge Cobb's Report and Recommendation as to Plaintiff's motion for summary judgment (ECF No. 56) is accepted and adopted in full.

It is further ordered that Judge Cobb's Report and Recommendation as to Defendants' motion for summary judgment (ECF No. 57) is accepted and adopted in full.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 42) is denied.

It is further ordered that Defendants' motion for summary judgment (ECF No. 43) is denied.

DATED THIS 14th Day of January 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE